IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND,<br><br>Plaintiffs,<br>v.<br><br>EMCO INTERIORS INC.,<br><br>Defendant. | CIVIL ACTION |

## **COMPLAINT**

Plaintiffs, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, David Whitfield, of Whitfield, McGann & Ketterman, LTD, complain of the Defendant, Emco Interiors Inc., as follows:

1. This action arises under Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185(a), and the Employees Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer payments owed to the Plaintiffs. Jurisdiction is founded on the existence of questions arising there under.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO &

NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the United States District Court for the Northern District of Illinois.

3. Pursuant to LMRA 29 U.S.C. §185(a), the Defendant is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement with a labor organization representing employees, which requires the Defendant to pay fringe benefit contributions to the Trust Funds.

4. Pursuant to ERISA, 29 U.S.C. § 1145, the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Collective Bargaining Agreement and the Trust Agreements.

5. Pursuant to the Collective Bargaining Agreement and the Trust Agreements, the Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly on untimely paid fringe benefit contributions.

7. The Defendant breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to make timely fringe benefit contributions during various months between May 2014 and March 2015.

8. The Defendant breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit $32,308.62 in liquidated damages assessed because of the Defendant's failure to timely pay fringe benefit contributions.

9. Plaintiffs have made numerous demands upon the Defendant for the Liquidated Damages due, but the Defendant has failed to satisfy said demands.

10. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

11. Pursuant to ERISA, 29 U.S.C. § 1132(g)(2), the Defendant is liable for reasonable attorney's fees and court costs and all other reasonable expenses incurred by the Trust Funds in collection of delinquent contributions and liquidated damages.

12. Pursuant to the terms of the Trust Funds' Delinquent Collection Procedure delinquent employers are required to pay all costs of recovery, including but not limited to, auditor's and attorney's fees and costs in the event that delinquent payments are referred to legal counsel for collection.

WHEREFORE, Plaintiffs pray:

a) That Judgment be entered in favor of the Plaintiffs and against the Defendant for liquidated damages in the amount of $32,308.62; and further, any unpaid contributions and liquidated damages unpaid at the time Judgment is rendered.

b) That the Defendant be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and/or Trust Funds Delinquent Collection Procedure and/or 29 U.S.C. §1132(g)(2).

c) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable.

By: /s/ David Whitfield
Attorney for Plaintiffs

David Whitfield
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601